TEAGUE I. DONAHEY (SBN 197531)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702-5974
Telephone: (208) 342-5000
Facsimile: (208) 473-2976
Email: TIDonahey@hollandhart.com

TIMOTHY P. GETZOFF (pro hac vice forthcoming)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
Facsimile: 303.473.2720
Email: tgetzoff@hollandhart.com

*Attorneys for Plaintiff Ally Financial Inc.*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| ALLY FINANCIAL INC., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL GROUP INC., a California Corporation, AMRIT PAUL BRAR, an individual, and PAUL SINGH, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:<br><br>Trial Date: |

Plaintiff Ally Financial Inc. ("Ally" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Ally Financial Group Inc., Amrit Paul Brar, and Paul Singh ("Defendants") states as follows:

**<u>PARTIES, JURISDICTION AND VENUE</u>**

1. Ally is a Delaware corporation with its principal place of business located at Ally Detroit Center, 500 Woodward Avenue, Floor 10, Detroit, Michigan 48226. Ally is a leading provider of digital and online financial services, providing banking, auto finance, home loans, insurance, investing and wealth management resources, and corporate financial services.

2. Defendant Ally Financial Group Inc. is a California General Stock Corporation, with its principal place of business located at 4011 W Ashlan Avenue, Fresno, California 93722.

3. On information and belief, Defendant Paul Singh is a California resident with a principal address of 2894 E. Powers Avenue, Fresno, California 93720. Mr. Singh is the Chief Executive Officer, Secretary, Chief Financial Officer, and Director of Ally Financial Group, Inc.

4. On information and belief, Defendant Amrit Paul Brar is a California resident with a principal address of 742 McKenna Court, Kerman, California 93630. Mr. Brar is the Agent for Service of Process for Ally Financial Group Inc.

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Defendants Ally Financial Group Inc., Paul Singh, and Amrit Paul Brar are subject to personal jurisdiction in this Court because, among other things, Defendants reside in this State and have transacted business and are currently transacting business in this state that gives rise to their liability to Ally.

7. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 because defendants reside in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## NATURE OF THE COMPLAINT

8. This is an action for trademark infringement and unfair competition, and related claims, arising out of Defendants' unauthorized use of Plaintiff's well-known ALLY trademark and trade name in connection with competitive and related services.

9. Plaintiff seeks permanent injunctive relief and damages relating to Defendants' infringing actions.

## GENERAL ALLEGATIONS

### Background on Plaintiff and its use of ALLY

10. Founded in 1919, Ally is a leading provider of digital and on-line financial services, providing banking, auto, finance, home loans, investing and wealth management

resources, and corporate financial services. Ally is publicly traded on the New York Stock Exchange.

11. Ally owns a variety of federally-registered ALLY trademarks, including U.S. Reg. Nos. 3,667,814; 3,797,555; 3,812,175; and 5,142,937. Ally also owns a variety of federally-registered ALLY-formative trademarks, including ALLY DIRECT, Reg. No. 5,915,115; ALLY CURRENSEE, Reg. No. 5,868,919; ALLY SKILL, Reg. No. 5,734,599; ALLY INVEST, Reg. No. 5,287,432; and YOUR MONEY NEEDS AN ALLY, Reg. No. 4,799,315.

12. In addition to its federal registrations, Ally has made actual use in commerce of the marks ALLY and several ALLY-formative marks for a variety of financial, banking, lending, and related services. Ally's registered and common law rights to its family of ALLY marks are referred to collectively herein as the "Ally Marks."

13. Ally began use of some of its Ally Marks at least as early as 2009, with certain trademark registrations providing nationwide priority as of 2008.

14. By virtue of its longstanding and substantially exclusive use of its Ally Marks for over a decade, Ally has built significant goodwill in its Ally Marks.

15. Ally's customers include consumer, commercial, and corporate customers to whom Ally provides a wide variety of financial services.

16. Ally has been registered and qualified to do business in California pursuant to Cal. Corp. Code §§ 2105–06 under the name "Ally Financial, Inc." at least since May 10, 2010.

**Background on Defendant and its Use of Ally Financial**

17. On October 1, 2019, Defendants formed a California General Stock Corporation under the name ALLY FINANCIAL GROUP INC. Defendants stated that the purpose of their corporation is "to engage in any lawful act or activity for which a corporation may be organized…."

18. Notwithstanding Defendants' filing of articles of incorporation, California does not permit them to use the corporate name Ally Financial Group Inc. or any other name in violation of Ally's rights under the federal Trademark Act (15 U.S.C. Sec. 1051 et seq.) or the

common law, including Ally's rights in its trade name. On information and belief, Defendants were actually aware of this limitation because, pursuant to Cal. Bus. & Prof. Code § 14417, the Secretary of State delivered notice to this effect to Defendants upon their filing of articles of incorporation.

19. By virtue of their business registration under the name ALLY FINANCIAL GROUP INC., Defendants are making use in commerce of "ALLY FINANCIAL GROUP" as a trademark in connection with services competitive and related to those offered by Ally.

20. Ally sent a demand letter to Defendants on October 5, 2020, outlining how use of an ALLY-formative mark in connection with financial services amounts to trademark infringement.

21. Shortly thereafter, Paul Brar, the registered agent for Defendant, responded and informed Ally's counsel that Defendant Ally Financial Group Inc. would change its name. However, to date, no name change or other change to the ALLY FINANCIAL GROUP INC. company registration or use of the ALLY-marks has occurred.

22. On or about November 4, 2020, Ally reiterated its demand that Defendants change their business name registration.

23. Having not received a response, Ally sent a subsequent letter on November 16, 2020, again demanding that Defendants change their business name registration.

24. On February 22, 2021, Defendants filed a Statement of Information with the California Secretary of State, yet chose not to change or amend their name, thus confirming Defendants' intention to willfully and intentionally continue infringing upon the well-known ALLY trademarks for financial services.

## **FIRST CLAIM FOR RELIEF**

### **(Trademark Infringement in Violation of 15 U.S.C. § 1114)**

25. Ally incorporates the preceding paragraphs as though set forth full herein.

26. Ally owns a variety of valid federal trademark registrations for the Ally Marks for, inter alia, banking and financing services; mortgage banking and lending services; financial advisory and consultancy services; and financial information provided by electronic and audio

means.

27. Ally's trademark registrations for the Ally Mark constitute prima facie evidence of the validity of Ally's trademark rights and of Ally's exclusive right to use the Ally Marks in commerce.

28. Defendants' unauthorized use of ALLY FINANCIAL GROUP in connection with financial services is likely to cause confusion or mistake as to the source, affiliation, connection, or association of Defendants' services and Ally, or as to the origin, sponsorship, or approval of the use of ALLY FINANCIAL GROUP by Ally. Defendants' conduct constitutes trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

29. Due to Defendants' acts as alleged above, Ally has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of Plaintiff's Ally Marks, as well as irreparable harm to Plaintiff's business, goodwill and reputation. Plaintiff has no adequate remedy at law because damage to Plaintiff's good will and reputation are continuing and difficult to ascertain.

30. Defendants' continued use of the ALLY FINANCIAL GROUP mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of the Ally Marks.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement, Unfair Competititition, and False Designation of Origin in Violation of 15 U.S.C. § 1125(a))

31. Ally incorporates the preceding paragraphs as though set forth full herein.

32. In addition to its registered rights, by virtue of its actual use in commerce of the Ally Marks, Plaintiff owns valid common law trademark rights to the Ally Marks for various financial services, including banking services, investment services, and financial services.

33. Ally has used and promoted the Ally Marks continuously from 2009 to the present. The Ally Marks are well known and associated by the public with Ally's services.

34. Defendants' actions as alleged herein, and specifically Defendants' adoption and use of ALLY FINANCIAL GROUP without authorization from Ally in connection with financial services is likely to cause confusion, or to cause mistake, or to deceive as to the

affiliation, connection, or association of Defendants with Ally, or as to the origin, sponsorship, or approval of Defendants' services by Ally. Defendants' conduct constitutes trademark infringement, unfair competition, and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Upon information and belief, Defendants had actual knowledge of Ally and the Ally Marks before it began promoting its financial services in connection with ALLY FINANCIAL GROUP. At a minimum, Defendants have been on notice of Ally's trademark rights in its Ally Marks since no later than October 5, 2020, yet continue to use and infringe upon the Ally Marks without authorization. As such, Defendants' infringement is willful.

36. As a direct and proximate cause of Defendants' infringement, Ally has and is likely to be substantially injured in its business, including loss of goodwill, reputation, revenues, and/or profits.

37. Ally has no adequate remedy at law because the Ally Marks represent the identity, reputation, and goodwill of Ally such that damages alone cannot fully compensate Ally for Defendants' infringement.

38. Unless enjoined by the Court, Defendants will continue to use and infringe the Ally Marks and cause irreparable injury to Ally. This threat of future injury to the business identity, goodwill, and reputation of Plaintiff requires injunctive relief to prevent Defendants' continued use of the Ally Marks, and to ameliorate and mitigate continued harm to Ally's goodwill and trademark rights.

## THIRD CLAIM FOR RELIEF

### (Violation of Cal. Corp Code § 201)

39. Ally incorporates the preceding paragraphs as though set forth full herein.

40. Pursuant to Cal. Corp Code § 201, a corporation name may not be used or its articles filed if that name is likely to mislead the public or which is the same as, or resembles so closely as to tend to deceive, the name of a foreign corporation which is authorized to transact intrastate business or has registered its name pursuant to Section except upon consent by such foreign corporation and upon a finding by the Secretary of State that under the circumstances the

public is not likely to be misled. The use by a corporation of a name in violation of this section may be enjoined notwithstanding the filing of its articles by the Secretary of State.

41. Defendants' actions as alleged herein, and specifically Defendants' adoption and use of the corporate name Ally Financial Group, Inc. is likely to mislead the public or is the same as or so close resembles Ally Financial Inc.'s as to tend to deceive, and was without Ally's consent.

42. Ally obtained a certificate of qualification and engaged in business utilizing its corporate name prior to Defendant's filing articles of incorporation under the confusingly similar name Ally Financial Group Inc. Accordingly, pursuant to Cal. Bus. & Prof. Code § 14415, Ally is presumed to have the exclusive right to use the Ally Financial name (and any confusingly similar name) as a trade name. Additionally, use of the confusingly similar name Ally Financial Group Inc. violates Ally's rights under the Lanham Act, such that Defendants' registration of that business name does not permit that business name's use. Cal. Bus. & Prof. Code § 14417.

43. Defendants' use of the corporate name Ally Financial Group Inc. should, therefore, be enjoined pursuant to Cal. Corp Code § 201(c).

**FOURTH CLAIM FOR RELIEF**

**(Violation of California Consumer Protection Act)**

44. Ally incorporates the preceding paragraphs as though set forth full herein.

45. Defendants' use of Plaintiff's Ally Marks constitutes unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

46. Defendants' unauthorized use of ALLY FINANCIAL GROUP is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Ally, or as to the origin, sponsorship, or approval of Defendants' services by Ally.

47. Defendants' actions as described herein violate Ally's rights in its Ally Marks and constitutes unlawful, unfair, or fraudulent business acts and practices in violation of California's Business & Professional Code.

48. Defendants' unfair trade practices have caused and continue to cause irreparable

injury to the value of Plaintiff's Ally Marks, as well as irreparable injury to Ally's business, goodwill and reputation. Ally has no adequate remedy at law.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court issue the following relief:

A. Granting temporary, preliminary, and permanent injunctive relief enjoining Defendants and each of their affiliates, subsidiaries, officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith from:

 1. Using the mark, business name, or trade name ALLY FINANCIAL GROUP or any mark or name confusingly similar thereto;

 2. otherwise competing unfairly or committing any acts likely to confuse the public into believing that Defendants or any of Defendant's services are associated, affiliated, or sponsored by Ally or are authorized by Ally, in whole or in part, in any way;

B. Ordering that Defendants account for and pay to Ally any and all profits Defendants have received by its conduct alleged herein;

C. Ordering that Defendants transfer to Ally any domain names that use the ALLY mark;

D. Awarding to Ally the costs of this action and its reasonable attorneys' fees and expenses;

E. Awarding to Ally pre-judgment and post-judgment interest on all damages recovered by or awarded to it; and

F. Granting such other and further relief as the Court deems equitable and appropriate.

Dated: April 12, 2021

HOLLAND & HART LLP

By: */s/Teague I. Donahey*
Teague I. Donahey

*Attorneys for Plaintiff Ally Financial Inc.*

16277972

-9-

Case No. COMPLAINT